IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | CRIMINAL ACTION FILE |
| v. | NO. 4:17-CR-00023-HLM-WEJ |
| BRANDON MIGUEL PANKY A/K/A "GREEDY", | |
| Defendant. | |

## **NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Brandon Panky's Motion to Suppress Evidence [14]. He challenges a state search warrant issued for information stored on his Facebook account. (Warrant [17-1] 5–7.) While Mr. Panky acknowledges that the state magistrate's issuance of the warrant predated the main authority upon which his argument relies, and that the warrant is similar to two warrants that met the "Leon good-faith exception," he maintains that the warrant is overbroad. (Def.'s Mot. 1–3.) For the reasons below, the undersigned **RECOMMENDS** that Mr. Panky's Motion to Suppress be **DENIED**.

## I. BACKGROUND AND LEGAL STANDARD

On May 8, 2017, a Whitfield County magistrate issued a search warrant for information contained on Mr. Panky's Facebook profile. (Warrant 5–7.) Authorities executed the warrant and received potentially incriminating evidence regarding Mr. Panky's alleged possession of a firearm as well as evidence concerning possible drug use and drug distribution. (Indictment [1]; Pl.'s Resp. [17] 2.) Mr. Panky anticipates that the government will use the information in this federal firearm prosecution. (Pl.'s Resp. 2.)

About three months after authorities obtained the search warrant, the Eleventh Circuit decided United States v. Blake, 868 F.3d 960 (11th Cir. 2017). Blake involved warrants for Facebook information similar to the one at issue here. Compare id. at 966–67, with (Warrant 5–7). The Blake warrants required the unnecessary disclosure of almost every kind of information contained on a Facebook account. 868 F.3d at 966–67. Authorities neither attempted to limit the warrants to messages to and from suspicious persons nor included a time limitation to narrow the material searched. Id. at 967. The Blake opinion said that those two practical limitations could have undermined claims that the warrants were the internet-era equivalent of a general warrant. Id. at 974 (citing

2

Riley v. California, 134 S. Ct. 2473, 2488–91 (2014); Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971)).

Warrants must state with particularity the items to be searched or seized. U.S. Const. amend. IV. Overbroad warrants are unconstitutional and, absent an applicable exception, courts should exclude evidence obtained from such warrants. See Groh v. Ramirez, 540 U.S. 551, 569–70 (2004). In United States v. Leon, 468 U.S. 897 (1984), the Supreme Court created a good-faith exception to the exclusionary rule. Leon held that courts generally should not exclude evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant. 468 U.S. at 922.

Blake noted two circumstances that could justify exclusion in a case like this one. 868 F.3d at 975 (citing Leon, 468 U.S. at 922). First, a court should exclude if the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923. Second, courts should exclude if the warrant was so facially deficient—in failing to particularize the place to be searched or the things to be seized—that the executing officers could not have presumed it to be valid. Id.

3

The Blake court found probable cause supported issuance of the warrants. 868 F.3d at 975. The affidavit contained detailed information from an informant, and the Facebook profile in question displayed publicly accessible incriminating evidence. Id. at 973. The Blake court also found that the warrants were not facially deficient because, while the warrants might have violated the particularity requirement, whether they in fact did was a close question. Id. at 975. It was a close enough question to not render the warrants so facially deficient that the agents who executed them could not have reasonably believed them to be valid. Id.

## II. ANALYSIS

The undersigned need not decide whether the state search warrant here violated the Fourth Amendment because, like the warrants in Blake, it falls into the Leon good-faith exception. United States v. Herring, 492 F.3d 1212, 1215 (11th Cir. 2007) (stating that application of the exclusionary rule is an issue separate from whether authorities violated the Fourth Amendment). Compare Blake, 868 F.3d at 966–67, 974–75, with (Warrant 5–7), and (Def.'s Mot. 2). First, probable cause supported the issuance of the warrant. Like Blake, an informant provided the affiant access to messages sent between the informant and Mr. Panky. Compare Blake, 868 F.3d at 966–77, with (Warrant 2–3). As the

4

informant explained, these messages referenced alleged drug use, gang affiliation, and prostitution. (Warrant 3.) Second, the warrant is not so facially deficient that the executing officers could not have presumed it to be valid. Mr. Panky acknowledged that the warrant is similar to those at issue in <u>Blake</u>, warrants that met the good-faith exception. (<u>See</u> Def.'s Mot. 2; Def.'s Reply [18] 1.) In fact, he borrowed the Eleventh Circuit's language from <u>Blake</u> to describe the warrant at issue here. <u>Compare</u> (Def.'s Mot. 2; Def.'s Reply 1), <u>with</u> 868 F.3d at 966–67, 974–75. While the <u>Blake</u> warrants skirted a violation of the particularity requirement, that question was close enough to not render them facially deficient. 868 F.3d at 975.

Further, the <u>Blake</u> opinion said it was helpful that the warrants limited the data seized to the data relevant to the specified crime. 868 F.3d at 967. Like the <u>Blake</u> warrants, the warrant here limited the content seized to the listed items "associated with drug transactions, and [] criminal street gang activity." (<u>See</u> Warrant 5–6.) While the warrant does not narrow the timeframe, the warrant appears no worse than the ones at issue in <u>Blake</u>, which also failed to state a particular timeframe and provided access to most anything on the Facebook account. (Warrant 5–6.)

5

Finally, the magistrate signed the warrant, and authorities executed it, about three months before the Eleventh Circuit issued the Blake opinion. This timing issue means that there was nothing in way of recent case law to alert authorities to the fact that this warrant may have been questionable. The authorities in this case were essentially in the same position as those in Blake.

Thus, due to the three-month timing issue and the similarity between the warrant at issue here to those discussed in Blake, the undersigned **REPORTS** that the warrant falls within the Leon good-faith exception. Probable cause supported issuance because an informant disclosed potentially incriminating Facebook messages to the affiant. The warrant was not facially deficient because the question of whether it was in fact overbroad was, like in Blake, sufficiently close. Consequently, the undersigned **RECOMMENDS** that Mr. Panky's Motion be **DENIED**.

## III.   CONCLUSION

For the reasons outlined above the, undersigned **RECOMMENDS** Mr. Panky's Motion to Suppress [14] be **DENIED**.

**SO RECOMMENDED**, this 28th day of November, 2017.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE