IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF
AMERICA,

v.

BRANDON MIGUEL PANKY,
also known as Greedy,

    Defendant.

CRIMINAL FILE NO.
4:17-CR-023-01-HLM-WEJ

ORDER

This case is before the Court on Defendant's Motion to Suppress Evidence [14], and on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [19].

I. **Standard of Review**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district

court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990); <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. <u>United States v.</u>

Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

On July 12, 2017, a federal grand jury sitting in the Northern District of Georgia returned an indictment against Defendant charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Indictment (Docket Entry No. 1) at 1.) The indictment also contained a forfeiture provision. (Id. at 1-2.)

On September 8, 2017, Defendant filed his Motion to Suppress Evidence. (Mot. Suppress (Docket Entry No. 14).) On November 28, 2017, Judge Johnson issued his Non-Final Report and Recommendation. (Non-Final Report & Recommendation (Docket Entry No. 19).) Judge Johnson recommended that the Court deny the Motion to Suppress Evidence. (Id.)

3

As of the date of this Order, the Clerk's docket indicates that Defendant has not filed Objections to the Non-Final Report and Recommendation. (See generally Docket.) The time period for filing Objections has expired,[1] and the Court finds that the matter is ripe for resolution.

## III. Discussion

The Court agrees with Judge Johnson that the state search warrant at issue in the Motion to Suppress Evidence falls within the good faith exception of United States v. Leon, 468 U.S. 897 (1984). (Non-Final Report & Recommendation at 4-6.) Judge Johnson properly concluded that "probable cause supported the issuance of the warrant." (Id. at 4.) Judge Johnson also correctly found that "the warrant is not so facially deficient that the executing officers could not have

---

[1] The three-day extension for mailing no longer applies to documents, such as the Non-Final Report and Recommendation, served via the Court's electronic filing system.

4

presumed it to be valid." (Id. at 5.) Indeed, the warrant at issue here is similar to the warrants at issue in United States v. Blake, 868 F.3d 960 (11th Cir. 2017), which qualified for the good faith exception. (Id. at 5-6.) Further, as Judge Johnson noted, "the magistrate signed the warrant, and authorities executed it, about three months before the Eleventh Circuit issued the Blake opinion," and "[t]his timing issue means that there was nothing in way of recent case law to alert authorities to the fact that this warrant may have been questionable." (Id. at 6.) Under those circumstances, Judge Johnson properly found that the warrant at issue in this case fell within the Leon good faith exception. The Court therefore adopts the Non-Final Report and Recommendation, and denies Defendant's Motion to Suppress Evidence.

5

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [19], and **DENIES** Defendant's Motion to Suppress Evidence [14].

IT IS SO ORDERED, this the 13th day of December, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE