IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION FILE |
| v. | NO. 4:17-CR-023-HLM-WEJ |
| BRANDON MIGUEL PANKY, | |
| Defendant. | |

### **NON-FINAL REPORT AND RECOMMENDATION**

The undersigned conducted an evidentiary hearing on defendant's Motion to Suppress Evidence [40] on May 17, 2018. At the hearing, Patrol Lieutenant Matthew Locke testified that the defendant had attempted to flee from officers on May 4, 2017; that his Dodge Durango had become stuck in mud off the roadway; that defendant had been arrested and placed in the back of a police cruiser; and that his two-and-a-half-year-old son was in the back seat of the Durango strapped in a car seat.

While waiting for officials from the Department of Family and Children's Services ("DFCS") to arrive at the scene to tell them what to do with the child, officers entered the Durango to remove the child and place him and his car seat in another vehicle. When an officer opened the vehicle's back door, he detected the

smell of burnt marijuana and saw in plain view a marijuana blunt and a cap to a hypodermic needle. (See Gov't Exs. 1-2.) Officers subsequently impounded the vehicle and searched it pursuant to a state court warrant, seizing the aforementioned contraband. Defendant seeks to suppress these two drug-related items. Defendant's counsel argued the issues raised at the hearing and elected not to submit a post-hearing brief.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. A search conducted without a warrant issued upon probable cause is "per se unreasonable [under the Fourth and Fourteenth Amendments]. . . subject only to a few specifically established and well-delineated exceptions." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (quoting Katz v. United States, 389 U.S. 347, 357 (1967) and Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971)).

One of those is the "plain view" exception. "When a law enforcement officer who has a right to be where he is simply observes that which is in his plain view, there is no illegal search." United States v. McKlemurry, 461 F.2d 651,

2

653 (5th Cir. 1972) (per curiam).[1] The rationale for the plain-view doctrine is as follows:

> [I]f contraband is left in open view and is observed by a police officer from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy and thus no "search" within the meaning of the Fourth Amendment – or at least no search independent of the initial intrusion that gave the officers their vantage point . . . The warrantless seizure of contraband that presents itself in this manner is deemed justified by the realization that resort to a neutral magistrate under such circumstances would often be impracticable and would do little to promote the objectives of the Fourth Amendment.

Minnesota v. Dickerson, 508 U.S. 366, 375 (1993) (internal citations omitted).

Thus, officers may seize evidence that is in plain view despite the failure to obtain a search warrant if two elements are met: "(1) an officer is lawfully located in the place from which the seized object could be plainly viewed and must have a lawful right of access to the object itself; and, (2) the incriminating character of the item is immediately apparent." United States v. Smith, 459 F.3d 1276, 1290 (11th Cir. 2006) (citing Horton v. California, 496 U.S. 128, 136-37 (1990); see also United States v. Rodgers, 924 F.2d 219, 221 (11th Cir. 1991)

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

(citing G.M. Leasing Corp. v. United States, 429 U.S. 338, 354 (1977) ("The plain view doctrine allows police officers to seize any contraband in plain view if the officers have a right to access to the place where the contraband is located.")).

The officer must have probable cause to believe that the object in plain view is contraband or evidence. See Texas v. Brown, 460 U.S. 730, 741 (1983); Smith, 459 F.3d at 1290. The phrase "immediately apparent" does not require "a police officer 'know' that certain items are contraband or evidence of a crime." Brown, 460 U.S. at 741. Instead, probable cause requires only that the "facts available to the officer would 'warrant a man of reasonable caution in the belief,' . . . that certain items may be contraband . . . or useful as evidence of a crime; it does not demand any showing that such a belief be correct." Id. at 742 (internal citation omitted).

Here, it is clear that the defendant's young son could not be left in the vehicle. Thus, the officer who opened the vehicle's door to remove the child and his car seat was lawfully located in the place from which the items at issue could be plainly viewed, and he had a lawful right of access to the objects. Moreover, the incriminating character of the objects was immediately apparent.

Defendant argues that officers did not have to enter the vehicle when they did because his girlfriend, who was on the scene, could have taken custody of the

child and removed him herself. Had this been allowed to occur, then officers would not have been in a position to see the contraband in plain view.

The Court finds that argument unpersuasive. DFCS had not yet decided who would be allowed to take custody of the child or whether he would be taken by the State. (DFCS at some point gave custody of the child to his grandparents, not the defendant's girlfriend.) Officers could not sit idly by and allow a young child to remain strapped in a car seat while this process played out. "The 'touchstone' of the Fourth Amendment is reasonableness." McClish v. Nugent, 483 F.3d 1231, 1260 (11th Cir. 2007). The officers on the scene acted reasonably in doing what they did when they did it. Therefore, the undersigned **RECOMMENDS** that defendant's Motion to Suppress Evidence [40] be **DENIED**.

**SO RECOMMENDED**, this 17th day of May, 2018.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE