IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF
AMERICA,

v.

BRANDON MIGUEL PANKY,
also known as Greedy,

Defendant.

CRIMINAL FILE NO.
4:17-CR-023-01-HLM-WEJ

# ORDER

This case is before the Court on Defendant's Motion to Suppress Evidence [40], and on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [44].

## I. Standard of Review

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district

court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v.

Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

On April 27, 2018, Defendant filed his Motion to Suppress Evidence. (Mot. Suppress (Docket Entry No. 40).) On May 17, 2018, Judge Johnson held an evidentiary hearing on that Motion and issued his Non-Final Report and Recommendation. (Minute Entry (Docket Entry No. 43); Non-Final Report & Recommendation (Docket Entry No. 44).) Judge Johnson recommended that the Court deny the Motion to Suppress Evidence. (Id.)

As of the date of this Order, the Clerk's docket indicates that Defendant has not filed Objections to the Non-Final Report and Recommendation. (See generally Docket.) The time period for filing Objections has expired, and the Court finds that the matter is ripe for resolution.

## III. Discussion

The Court agrees with Judge Johnson that seizure of the evidence at issue without a warrant was permissible under the plain view doctrine. (Non-Final Report & Recommendation at 2-5.) Judge Johnson correctly found that "it is clear that [Defendant's] young son could not be left in the vehicle," that "the officer who opened the vehicle's door to remove the child and his car seat was lawfully located in the place from which the items at issue could be plainly viewed, and he had a lawful right of access to the objects," and that "the incriminating character of the objects was immediately apparent." (Id. at 4.) Judge Johnson also properly rejected Defendant's argument "that officers did not have to enter the vehicle when they did because [Defendant's] girlfriend, who was on the scene, could have taken custody of the child and removed him herself." (Id. at

4-5.) As Judge Johnson noted, "DFCS had not yet decided who would be allowed to take custody of the child or whether he would be taken by the State," and the "[o]fficers could not sit idly by and allow a young child to remain strapped in a car seat while this process played out." (Id. at 5.) Under those circumstances, Defendant's Motion to Suppress Evidence is due to be denied. The Court therefore adopts the Non-Final Report and Recommendation and denies Defendant's Motion to Suppress Evidence.

IV. **Conclusion**

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [44] and **DENIES** Defendant's

Motion to Suppress Evidence [40].

IT IS SO ORDERED, this the 4 day of June, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE